**IN the INTEREST OF: D.A.H. and W.D.H., children under seventeen years of age.**

**Greene County Juvenile Office, Petitioner–Respondent,**

v.

**D.W.H., Respondent–Appellant.**

**Nos. SD 34700 & SD 34701**

Missouri Court of Appeals, Southern District, **Division Two.**

Filed: April 26, 2017

Attorney for Appellant—Arthur E. Olson of Springfield, MO

Attorney for Respondent Greene County Juvenile Office—Paul Shackelford of Springfield, MO

Attorney for Respondent Missouri Children's Division—Jon Thomas Wagner of Springfield, MO

Attorney for Minor Children—Carol Hutcheson of Springfield, MO Division II

Nancy Steffen Rahmeyer, J.

D.W.H. ("Father"), the father of D.A.H. and W.D.H. ("the children"), claims in his sole point that the trial court erred in finding that it was in the best interests of the children that Father's parental rights be terminated. He claims that it is against the logic of the circumstances to find that the children do not have healthy emotional ties to him because visitation and a family integration plan was denied to him. He also claims that there was no evidence that he was financially able to support the children while he was incarcerated. The evidence as presented to the trial court contradicts Father's claims; thus, we deny his point and affirm the termination judgment.

Only the facts that are necessary for the analysis of Father's point will be set forth. When the children came into custody, Father was in jail. The children were removed in part due to the substance abuse of the parents,[1] homelessness, lack of supervision of the children and domestic violence in the home. Father does not challenge the statutory basis for the termination.

We commence with our standard of review. After determining that one or more statutory grounds had been proven, the trial court considered whether the termination was also in the best interest of the children. *In re P.L.O.*, 131 S.W.3d 782, 789 (Mo. banc 2004). We review that decision for an abuse of discretion. *Id.* The trial court's "discretion is abused when a court's ruling is clearly against the logic of the circumstances then before the court and so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *In re A.S.*, 38 S.W.3d 478, 486 (Mo.App.S.D. 2001).

*In Interest of E.G.G.*, 483 S.W.3d 435, 438 (Mo.App. S.D. 2016).

At the time of the hearing, the children were eight and five years old. They were in a foster home together, both have thrived in the placement and the foster

---

1. Mother voluntarily consented to termination of her parental rights and consented to adoption.

parents would adopt them if that becomes a possibility. The children have had extensive therapy to assist with the emotional turmoil and domestic violence witnessed by the children in the home. The therapist did not recommend visits between Father and the children or even contact by letter or phone because of the chaos it created in the children's emotional health. Despite that recommendation, at the request of Father, supervised telephone calls and therapeutic visitation was recommended by the permanency planning team. The only thing Father had to do to see his children was re-engage in counseling and contact the case manager regularly. Father did neither. Due to his drug history, Father was to be tested regularly for drugs. He either did not show up for the drug testing or tested positive for illegal drugs. Father was not able to provide a home as he was incarcerated. Even then, he was given the chance to be released on probation if he completed a drug treatment program. He failed to complete the program when he threatened someone in the program and is serving an eight-year sentence.

The trial court did not abuse its discretion nor is it against the logic of the circumstances to find that the best interests of the children would be served by affirming the judgment terminating Father's parental rights. The judgment is affirmed.

Gary W. Lynch, P.J.—Concurs

Daniel E. Scott, J.—Concurs